IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES BORDERS,<br><br>  Plaintiff,<br><br>v.<br><br>TAYLOR WINE,<br><br>  Defendant. | Case No. 21-4036-DDC-ADM |

## MEMORANDUM AND ORDER

Plaintiff missed the deadline to respond to defendant's Motion to Dismiss.  Doc. 10.  The court ordered plaintiff to show cause why it should not consider defendant's Motion to Dismiss an uncontested motion.  *Id.*  Plaintiff has submitted a Response to the court's Order to Show Cause, informing the court that he injured his eye.  Doc. 11.  The court finds that plaintiff has shown good cause for his failure to respond and, construing his filing as a Motion for Extension of Time to Respond to Motion to Dismiss, grants the motion.

**I. Background**

Plaintiff James Borders filed this action pro se[1] on May 25, 2021.  *See* Doc. 1.  On July 1, 2021, defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6).  Doc. 8 at 1.  Our D. Kan. Rules 6.1(d)(2) and 7.1(c) required plaintiff to respond to defendant's motion within 21 days.  Plaintiff did not respond within 21 days.  On August 5, 2021, the court ordered plaintiff

---

[1] Plaintiff proceeds pro se, so the court construes his pleadings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers).  But the court does not assume the role as plaintiff's advocate.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."  *Id.* (citation and internal quotation marks omitted).

to show cause—excusable neglect under D. Kan. Rule. 7.4(b)—why the court should not consider and decide the motion as an uncontested one based on plaintiff's failure to respond. Doc. 10.

Plaintiff timely responded to the court's Show Cause Order with a document filed on August 13, 2021. Doc. 11. In this filing, plaintiff explains that he did not respond to defendant's Motion to Dismiss because he had sustained an eye injury. *Id.*

## II. Legal Standard

Under D. Kan. Rule 7.4(b), a party "who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum" unless there is a showing of excusable neglect. Excusable neglect is evaluated by four factors: "'[1] the danger of prejudice to the nonmoving party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (internal brackets omitted) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

## III. Analysis

### A. Excusable Neglect

Plaintiff has shown excusable neglect. *First*, at this stage in the case, the delay due to plaintiff's injury will not prejudice defendant. *Second*, the delay is not a profound one and it will not significantly impact judicial proceedings. *Third*, and most importantly, plaintiff's reason for the delay is a good one: he injured his eye and has been managing the damage to his eye and

engaging in treatment. The injury was accidental and outside of plaintiff's control. *Last*, no evidence exists that plaintiff is acting in bad faith.

### B. Construing the Filing

The court construes plaintiff's filing as a Motion for Extension of Time to File a Response to defendant's Motion to Dismiss. The court finds that granting this motion will not interfere with the court's ability to abide by Fed. R. Civ. P. 1's guidance that the Federal Rules of Civil Procedure "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." The court grants plaintiff's Motion for Extension of Time to File a Response to Motion to Dismiss.

The court orders plaintiff to file a response to defendant's Motion to Dismiss **on or before September 15, 2021.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Extension of Time to Respond to Motion to Dismiss (Doc. 11) is granted. Plaintiff must file his response to defendant's Motion to Dismiss **on or before September 15, 2021**.

**IT IS SO ORDERED.**

**Dated this 24th day of August, 2021, at Kansas City, Kansas.**

                                                                 **s/ Daniel D. Crabtree**
                                                                  **Daniel D. Crabtree**
                                                                  **United States District Judge**