IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BORDERS,

    Plaintiff,

    v.

TAYLOR WINE, *District Judge, Osage Co., KS District Court*,

    Defendant.

Case No. 21-4036-DDC-ADM

## MEMORANDUM AND ORDER

Plaintiff James Borders ("Borders") filed this 42 U.S.C. § 1983 case asserting that defendant Taylor J. Wine, Chief Judge of the 4th Judicial District, Osage County, Kansas ("Wine"), violated Borders' constitutional rights via rulings that Wine made in two of Borders' state court criminal cases and a small claims case. (ECF 1, 9.) Wine filed a motion to dismiss for lack of subject-matter jurisdiction based on the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and Eleventh Amendment immunity. (ECF 8-9.) This apparently prompted Borders to file the current motion to amend because he contends that Wine's motion to dismiss included "new false" and "fraudulent" statements that are "cause for more obstruction of justice and deprivation of due process." (ECF 13.) Presumably because of this, Borders seeks to increase his damage claim from $500,000 to $1,000,000. (*Id.*) Wine opposes Borders' motion on the grounds that the proposed amendment does not plead the allegedly false or fraudulent statements with the required degree of particularity, it does not state a claim upon which relief can be granted, and it does not comply with this court's local rules. As explained below, the court largely agrees, with some points of clarification. Borders' motion to amend is therefore denied.

## I. BORDERS' MOTION DOES NOT COMPLY WITH THIS COURT'S LOCAL RULES

Borders' motion to amend is denied, first and foremost, because it does not comply with this court's local rules. Those rules require a party that files a motion to amend that may not be filed as a matter of right to attach the proposed pleading or other document. *See* D. KAN. RULE 15.1(a)(2). Borders did not attach his proposed amended complaint to his motion. All litigants—whether pro se or represented by counsel—are required to comply with the federal rules and this court's rules. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court therefore cautions Borders that, if he should seek leave to amend again at some point in the future, he must comply with this rule.

## II. BORDERS' PROPOSED AMENDMENT WOULD BE FUTILE

The court also denies Borders' motion because his proposed amendment would be futile. Once a party is no longer allowed to amend as a matter of right, that party "may amend its pleading only with the opposing party's written consent or the court's leave," which should be freely given when justice requires. FED. R. CIV. P. 15(a)(2). The purpose of this rule is to give litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Group, Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted). The court may refuse leave to amend only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (same). Whether to grant a motion to amend is within the court's sound discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Here, Wine opposes Borders' motion on the grounds that the proposed amendment would be futile. The court may deny a motion to amend as futile "if the proposed amendment could not have withstood a motion to dismiss or otherwise fail[s] to state a claim." *Schepp v. Fremont Cty., Wyo.*, 900 F.2d 1448, 1451 (10th Cir. 1990); *see also Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (district court is not required to grant leave to amend if amendment would be futile). A proposed amendment is futile if the amended complaint would be subject to dismissal. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

### A. The Amendment Does Not Plead the Allegedly False or Fraudulent Statements With the Required Degree of Particularity

Wine argues that Borders' proposed amendment fails to plead the allegedly false or fraudulent statements with particularity. The Federal Rules of Civil Procedure provide that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See* FED. R. CIV. P. 9(b). This rule aims to afford opposing parties with fair notice of the facts upon which a plaintiff is basing its fraud claims. *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000). This requires plaintiffs to allege the who, what, when, where, and how of the alleged fraud. *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006). Failure to satisfy Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1118 & n.5 (10th Cir. 1997).

Here, Borders does not identify the alleged statements in Wine's motion to dismiss that he contends are false or fraudulent, let alone explain why any such statements are untrue. This fails to provide Wine with fair notice of the facts that would form the basis for this claim. Borders' proposed amendment therefore fails to plead the allegedly false or fraudulent statements with particularity. *See, e.g.*, *Swimwear Sol., Inc. v. Orlando Bathing Suit, LLC*, 309 F. Supp. 2d 1022, 1047 (D. Kan. 2018) (holding a plaintiff must identify each statement upon which it relies in stating

3

a claim for misrepresentation and fraud). For this reason alone, Borders' motion is denied because the proposed amendment fails to state a claim upon which relief can be granted.

## B. The Amendment Does Not State a Claim Upon Which Relief Can Be Granted

Wine also argues the proposed amendment is futile because it fails to state a claim upon which relief can be granted. The court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Pro se litigant complaints are held to a less stringent standard than those drafted by legal counsel, but the court should not assume the role of advocate for the pro se litigant. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Furthermore, this liberal construction "will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim." *White v. Colorado*, 82 F.3d 364, 366 (10th Cir. 1996); *see also Muniz v. Richardson*, 371 F. App'x 905, at *908 (10th Cir. Mar. 31, 2010) (holding district court properly dismissed pro se plaintiff's claims for failure to state a legally cognizable claim).

Borders contends that statements in Wine's motion to dismiss are "false" and "fraudulent" and deprived him of due process. But Borders' allegations do not state an actionable due process claim. The essence of due process is notice and the opportunity to be heard before any liberty or property interest is taken. *Matthews v. Eldridge*, 424 U.S. 319, 332-34 (1976). As such, court proceedings that provide notice and an opportunity to be heard generally provide due process. *See, e.g.*, *Machalowicz v. Village of Bedford Park*, 528 F.3d 530, 535-36 (7th Cir. 2008) (finding state court proceedings provided due process); *Matter of Caranchini*, 160 F.3d 420, 424 (8th Cir. 1998) (finding no due process violation where attorney had a full opportunity to litigate in court). Here, this court's procedures provide Borders with notice and an opportunity to address any statements in Wine's motion to dismiss that Borders believes are false or fraudulent. This court's local rules gave him the right to file a response to Wine's motion to dismiss, which he did. (ECF 11, 14.)

4

This provided him with an adequate opportunity to point out any inaccuracies in Wine's motion to dismiss. Furthermore, the Federal Rules of Civil Procedure and the rules of professional conduct provide adequate procedural protections to address any inaccurate statements in pleadings and other representations to the court. *See, e.g.*, FED. R. CIV. P. 11 (parties, attorneys, and unrepresented parties make certain certifications to the court by signing pleading and can be sanctioned for any violations); K.R.P.C. 3.3 (attorney has a duty of candor to the court). Therefore, this aspect of Borders' proposed amendment would be futile because it does not state a legally cognizable claim. *See, e.g.*, *Earl v. Rueschel*, No. 11-2304-KHV, 2011 WL 3651372, at *2 (D. Kan. Aug. 18, 2011) (granting motion to dismiss pro se complaint where court could not discern any legally cognizable claim); *Brown v. Matthews*, No. 91-2352-JWL, 1992 WL 134150, at *1-*4 (D. Kan. May 13, 1992) (same).

Borders' motion to amend is also futile to the extent that he seeks to increase his damage claim via the proposed amendment. Borders' complaint asserts a § 1983 claim, which invokes the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. So Borders does not need to plead a specific amount of damages. *See Tripwireless Inc. v. Borrego*, No. 19-1819-KLM, 2019 WL 12248967, at *6 (D. Colo. Nov. 4, 2019) (pro se plaintiff was not required to plead the specific amount of damages in a case invoking the court's federal question jurisdiction). Consequently, Borders does not need to amend his complaint to increase the amount of damages he seeks. He can disclose the amount of the damages he is claiming during the discovery process. *See, e.g.*, FED. R. CIV. P. 26(a)(1)(A)(iii) (requiring a party to disclose its computation of each category of damages claimed). The proposed amendment to boost his damage claim is unnecessary. *See, e.g.*, *Neal v. Aramark Uniform & Career Apparel, LLC*, No. 20-2077-JWB-ADM, 2020 WL 5548809, at *1-*2 (D. Kan. Sept. 16, 2020) (denying motion to amend as unnecessary).

5

**IT IS THEREFORE ORDERED** that Borders' motion to amend his complaint (ECF 13) is denied.

**IT IS FURTHER ORDERED** that the clerk's office is directed to mail a copy of this order to Borders via regular mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated September 29, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
