IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES BORDERS,**

    **Plaintiff,**

v.

**TAYLOR WINE,**

    **Defendant.**

Case No. 21-4036-DDC-ADM

**MEMORANDUM AND ORDER**

Plaintiff James Borders filed a "Motion for Court Order of Dismissal Under Rule 41(a)(2)" (Doc. 22). Plaintiff asks the court to dismiss the case "with or without prejudice." *Id.* at 2. Defendant Taylor Wine filed a Response (Doc. 23) and requests that the court dismiss with prejudice.

Fed. R. Civ. P. 41(a)(2) allows the court to dismiss an action at plaintiff's request "on terms that the court considers proper." Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions[.]" *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996) (quotation marks and citation omitted). So, absent "legal prejudice to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (quotation marks and citations omitted).

The legal authorities don't provide clear definition of "legal prejudice," but the Tenth Circuit has directed district courts to consider the following list of non-exhaustive factors as a starting point: (1) "the opposing party's effort and expense in preparing for trial;" (2) "excessive delay and lack of diligence on the part of the movant;" (3) "insufficient explanation of the need

for a dismissal;" and (4) "the present stage of the litigation." *Id.* (citing *Phillips USA*, 77 F.3d at 358). When deciding whether to grant plaintiff's motion to dismiss without prejudice, "the district court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Cnty. of Santa Fe, N.M. v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (brackets, quotation marks, and citation omitted).

Given plaintiff's request and that defendant doesn't oppose it, the court grants plaintiff's request. This case is in its infancy—plaintiff filed suit less than six months ago and defendant filed just one motion. Plaintiff didn't dawdle and he provided satisfactory explanations for his request to dismiss. *See* Doc. 22. Thus, dismissal will not "legally prejudice" defendant. In contrast, the court denies defendant's request to dismiss this action with prejudice. Defendant provides no reason why a dismissal with prejudice is warranted here. *See generally* Doc. 23. If defendant will sustain prejudice because of the dismissal, he hasn't identified it. On these facts, the court finds dismissal with prejudice could produce an injustice. To "insure substantial justice[,]" the court dismisses this action without prejudice. *Cnty. of Santa Fe, N.M.*, 311 F.3d at 1048.

The court grants plaintiff's motion and dismisses this action under Fed. R. Civ. P. 41(a)(2). This dismissal is without prejudice. And, as a result, defendant's pending Motion to Dismiss (Doc. 8) is denied as moot. The court directs the Clerk to close the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Motion for Court Order of Dismissal Under Rule 41(a)(2)" (Doc. 22) is granted.

**AND, IT IS FURTHER ORDERED THAT** defendant's Motion to Dismiss (Doc. 8) is denied as moot.

IT IS SO ORDERED.

Dated this 1st day of November, 2021, at Kansas City, Kansas

s/ Daniel D. Crabtree  
Daniel D. Crabtree  
United States District Judge